IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHEIRON NATHANIEL HAMMOND,    )
                             )
             Petitioner,     )
                             )
     v.                      )          CV 119-208
                             )
STATE OF GEORGIA,            )
                             )
             Respondent.     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, incarcerated at Georgia Diagnostic & Classification State Prison in Jackson, Georgia, filed the above-captioned case and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) Upon initial review of Petitioner's filings, the Court was unable to determine whether he is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983, or a petition for habeas corpus relief. By Order dated December 9, 2019, the Court explained to Petitioner the difference between a § 1983 complaint and a petition for habeas corpus relief and instructed him that he must make a selection as to which type of case he intended to bring. (See doc. no. 4.)

The Court also instructed the Clerk to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Petitioner's service copy of the December 9th Order. (Id. at 2.) The Court directed Petitioner to make his selection as to a civil rights or habeas corpus case

by returning the appropriate form of the two provided by the Clerk.  (Id. at 2.)  The Court

cautioned Petitioner he should submit only one form in response to the Order and that his

failure to comply with the terms of the December 9th Order within fourteen days may result

in a recommendation that this case be dismissed.  (Id. at 3.)  The Court also explained that

because it was unclear whether Petitioner intended to proceed with a habeas corpus case or §

1983 civil rights case, it was also unclear whether Petitioner, through his IFP motion, was

contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an

IFP civil rights complaint.  (Doc. no. 4, p. 2.)  Petitioner did not respond to the Court's Order

directing him to identify the type of case he wants to pursue, leaving the Court with a

stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and

this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.,

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District

courts possess the ability to dismiss a case . . . for want of prosecution based on two possible

sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their

dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an

"assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for

want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of

any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally

appropriate pursuant to Rule 41(b) where a petitioner has failed to comply with a court order,

"especially where the litigant has been forewarned." <u>Owens v. Pinellas Cty. Sheriff's Dep't</u>, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)).

Petitioner's failure to comply with the terms of the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case.  This Court will not allow a case to languish on its docket because a litigant fails to comply with the basic instruction to specify what type of case he intends to pursue and the basis for his claims.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, because Petitioner sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Petitioner is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  <u>See, e.g.</u>, <u>Gormley v. Nix</u>, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); <u>Dickson v. Ga. State Bd. of Pardons & Paroles</u>, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Petitioner is willing to file his case <u>and pursue it</u>.  <u>See</u> <u>Mobin v. Mobin</u>, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with court instructions to select civil rights or habeas corpus relief).

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  <u>See</u> Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** the motion to proceed IFP be **DENIED** as **MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 8th day of January, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA